UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| E.C. WASTE, INC. D/B/A<br>WASTE MANAGEMENT DE PUERTO RICO<br>Plaintiff | * <br> * <br> * | Case Number: 05-1810 PG |
| v. | * | |
| UNION DE TRONQUISTAS DE PUERTO<br>RICO, LOCAL 901, IBT, AFL-CIO | * <br> * | RE: INJUNCTION |

*********************************************

RECEIVED AND FILED
2005 JUL 22 PM 5:03
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Upon the Complaint and Petition for Injunction attached thereto, filed by Plaintiff, E.C. Waste, Inc. d/b/a Waste Management de Puerto Rico, pursuant to Section 301 of the Labor Management Relations Act, as amended, praying for issuance of an Order directing Defendant to show cause why an injunction should not be issued in enjoining and restraining said Defendant from engaging in certain acts and conduct in violation of the applicable collective bargaining agreements, and Article VII and X, in effect by and between the parties, and good cause appearing therefore, it is ORDERED that Defendant, Unión de Tronquistas de Puerto Rico, Local 901, its Secretary-Treasure, Germán Vázquez, its officers, representatives, agents and members to show cause before this Court at _Hato Rey, P.R._ on _August 1_, 2005, _9:00 AM._ at _____ o' clock, or as soon thereafter as counsel can be heard, why a preliminary injunction should not be issued herein enjoining the Defendant, Unión de Tronquistas de Puerto Rico, Local 901, and/or Secretary-Treasurer, Germán Vázquez, its agents, representative, members and attorneys, and all persons in active concert and participation with them, pending the final hearing and determination of this action, from engaging in or causing any of the acts and/or omissions hereinafter specified, and;

It appearing to the Court that Defendant is about to commit the acts hereinafter specified and that it will do so unless restrained by Order of this Court, and that immediate and irreparable serious injury, loss or damage, will result to Plaintiff before notice can be given and Defendant or its attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that the curtailment of all or part of Plaintiff's operations by the acts of Defendant gravely affect financially the operations of Plaintiff, more so, in view that Defendant represents the almost absolute totality of Plaintiff's employees, the avoidance of which acts are considered by Plaintiff and Defendant in the no-strike and grievance provisions of the Collective Bargaining Agreement by and between the parties, and Plaintiff having deposited a bond in the sum of $10,000.00 for the payment of costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained: it is further

**ORDERED**, that Defendant, Union de Tronquistas de Puerto Rico, Local 901, its Secretary-Treasure, Mr. Germán Vázquez, its' agents, representatives and attorneys, and all persons in active participation with them, be, and they hereby are restrained from any and all acts of violence, sabotage, work stoppages and/or strike activity, including picketing, secondary strike, and any attempts by Defendant to prohibit the employees to work; and it is further

**ORDERED**, that Defendant, Union de Tronquistas de Puerto Rico, Local 901, its agents, representatives and attorneys, and all persons in active participation with them, be, and they hereby are restrained from blocking, disrupting, obstructing, restraining, interfering, coercing, hindering, refusing to enable Plaintiff to provide residential and commercial waste collection and dispositions services to their clients or delaying the performance of such work and the business of Plaintiff's and specifically of its Humacao, Coqui San Juan and transfer stations operations in San Juan and Caguas;

in compliance with its operation procedures; the residential and/or commercial waste recollection; waste transportation between Plaintiff's transfer stations and the Humacao Landfill and/ to the transfer stations located at San Juan and Caguas; Plaintiff's cargo coming to or leaving its above described facilities, independently where the blockade, disruption, obstructing, restraining, coercing, interfering, hindering, to provide services or delaying the services provided by Plaintiff's wherever it takes place as long as it is with the purpose or effect herein stated;

From in any way obstructing, restraining, hindering or delaying the free flow from Plaintiff's facilities at Humacao, Coqui San Juan or the transfer stations located at San Juan and Caguas or from Plaintiff's clients, of any and all persons, cars, automobiles, trucks, trailers, containers and other transportation equipment operated by any person, whether or not owned or operated by Plaintiff's employees, representatives, agents or subcontractors, whether loaded or unloaded and from in any way or manner engaging in acts of violence, intimidation, coercion or threat in an effort or with the effect to obstruct, restrain, interfere hinder, delay and/or suspend or stop Plaintiff's operations and the free ingress and egress there form;

**ORDERED**, that this Order expires within ten (10) days after entry, unless within such time the order for good cause shown is extended for a like period, or unless Defendant consents that it may be extended for a longer period, and it is further;

**ORDERED**, that Defendant, Union de Tronquistas de Puerto Rico, Local 901 file an Answer to the allegations of said Complaint and petition with the Clerk of the Court, and serve a copy thereof upon the attorneys for Plaintiff at their offices at, 268 Ponce de León Ave., Home Mortgage Plaza, Suite 800, San Juan, Puerto Rico 00901, on or before the __08th__ day of __July__ ; 2005 and it is further

E.C. Waste vs Union de Tronquistas
Motion for Temporary Restraining ..

Page 4

**ORDERED**, that service of a copy of this Order together with a copy of the Complaint and Petition upon which it is issued, e forthwith made by a Marshal of this Court, or a third person, upon Defendant in any manner provided in the Rules of Civil Procedures of the United States District Courts; and that proof of said service be filed herein. This Order should be served upon respondents no later than July 23, 2005.

In San Juan, Puerto Rico, this 22nd day of July, 2005. at 3:05 PM.

Juan M. Pérez Jiménez
US DISTRICT JUDGE